# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## Civil Case No. 1:11cv167
## [Criminal Case No. 1:09cr23-6]

| | |
|---|---|
| PHILLIP EUGENE HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court pursuant to the Petitioner's *pro se* Motion for 2255(f)(3). [Doc. 4].

## PROCEDURAL BACKGROUND

On June 18, 2009, the Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§841(a)(1) & 846. [Criminal Case No. 1:09cr23-6, Docs. 144, 147]. The Court determined that the Petitioner was a career offender under the U.S. Sentencing Guidelines ("USSG") but after granting the Government's motion for a downward departure, sentenced him to 210 months imprisonment. [Id., Doc. 287].

The Petitioner appealed, claiming that the Government breached the plea agreement by arguing at sentencing for application of the career offender Guideline without having filed notice of its intent to do so. United States v. Hill, 422 F. App'x 297, 298-99 (4th Cir. 2011). The Government moved to dismiss on the ground that the waiver of appellate rights in the plea agreement barred Hill's appeal. Id. at 298. On April 11, 2011, the Court of Appeals concluded that the Petitioner had knowingly and voluntarily waived the right to appeal his sentence and that the Government was not obligated by the terms of the plea agreement to refrain from arguing at sentencing for the application of the career offender Guideline. Id. at 298-99.

On July 11, 2011, the Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 3]. He contends that the Government breached the plea agreement by failing to file notice pursuant to 21 U.S.C. §851 that it intended to seek enhanced penalties against him; his guilty plea was involuntary; and his criminal history was calculated incorrectly.

On October 17, 2011, the Petitioner filed this motion, arguing that pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), one of the North Carolina state convictions relied on by the Court to sentence him as a career offender does not qualify as a predicate offense for career offender

status. He argues that his sentence should, therefore, be vacated and that he should be resentenced without the career offender designation. The Court construes this motion as a motion to amend his §2255 pleading.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading once as a matter of right if the amendment is filed within 21 days of the original pleading. Fed. R. Civ. P. 15(a)(1).[1] Since the Petitioner filed his amendment more than 21 days after filing his original petition, he may not amend as a matter of right. The Court, however, will treat his filing as a motion to amend. Petitioner has filed his proposed amendment within the one year limitations period, hence there is no question as to whether the amendment relates back. Rule 15 (a)(2) states that "the court should freely give leave when justice so requires." Id. In light of the relative promptness within which Petitioner has sought to amend, the Court will in its discretion allow the amendment.

The Court has reviewed the presentence report prepared in the Petitioner's criminal case but is unable to determine whether his 2002 felony conviction for fleeing or eluding arrest qualifies as a crime of violence within

---

[1] The Court has not ordered the Government to respond to Hill's Motion to Vacate. Consequently, no responsive pleading or motion to dismiss has been filed in this matter, so the alternate provisions of Rule 15(a)(1)(B) do not apply.

the meaning of U.S.S.G. §4B1.2(a). [Criminal Case No. 1:09cr23-6, Doc. 245]. Therefore, the Court will require the Government to respond but only to this issue. No response to the claims raised in Hill's original motion to vacate is necessary. <u>Rules Governing §2255 Proceedings for the United States District Courts</u>, Rule 4(b). Nonetheless, the lack of any response to the claims raised in the original §2255 motion will not be deemed to waive any potential defenses.

**IT IS, THEREFORE, ORDERED** that Petitioner's *pro se* Motion for 2255(f)(3) [Doc. 4] is construed as a Motion to Amend and as such, it is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that on or before forty (40) days from entry of this Order, the Government shall file a response to the facts asserted and the issue raised in Petitioner's amendment.

Signed: January 9, 2012

Martin Reidinger
United States District Judge