# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:11-cv-00167-MR
# (CRIMINAL CASE NO. 1:09-cr-00023-MR-DLH-6)

| | |
|---|---|
| PHILLIP EUGENE HILL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Doc. 1], as amended [Docs. 3, 4]; the Government's Responses [Docs. 9, 26]; and the Government's Motion for Leave to File Out of Time [Doc. 27]. For the reasons that follow, Petitioner's amended motion to vacate is denied and dismissed.

**I.  FACTUAL BACKGROUND**

On April 7, 2009, Petitioner Phillip Eugene Hill was indicted, along with nine co-defendants, by the Grand Jury for the Western District of North Carolina and charged with conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and

841(a)(1), and with using a communication facility in committing and facilitating the commission of the conspiracy, in violation of 21 U.S.C. § 843(b). [Crim. Case No. 1:09-cr-00023-MR-DLH-6, Doc. 1: Indictment]. Petitioner subsequently entered into a Plea Agreement with the Government, whereby Petitioner agreed to plead guilty to the conspiracy offense, and the Government agreed to move to dismiss the communications-facility offense. [Id., Doc. 144: Plea Agreement]. In the Plea Agreement, Petitioner acknowledged that he faced a statutory mandatory minimum of 10 years and that if the Government filed notice of one or more prior felony drug offenses, the statutory mandatory minimum could increase to 20 years or life in prison. [Id. at 1]. Petitioner also acknowledged in the Plea Agreement that the Court would ultimately determine his sentence; that any estimate of his sentence from any source, including defense counsel, was a prediction and not a promise; that this Court had "the final discretion to impose any sentence up to the statutory maximum for each count"; and that he understood that he "may not withdraw the plea as a result of the sentence imposed." [Id. at 2].

With respect to the career offender sentence enhancement, Petitioner acknowledged in the Plea Agreement that "[n]otwithstanding any recommendations in the Plea Agreement as to the offense level," if the

2

probation officer determined that the career-offender guideline applied, "such provision may be used in determining the sentence." [Id. at 3]. On June 18, 2009, Magistrate Judge Dennis L. Howell conducted a plea hearing and colloquy pursuant to Federal Rule of Criminal Procedure 11 and found Petitioner's plea to have been knowingly and voluntarily entered. [Id., Doc. 147: Acceptance and Entry of Guilty Plea]. During the plea hearing, Petitioner acknowledged that he had reviewed the Indictment against him, as well as the Plea Agreement, stating that he had reviewed the Plea Agreement five times and that he understood it. [Id., Doc. 304 at 8-9: Plea Hrg. Tr.]. Petitioner reported to Judge Howell that he understood the charge to which he was pleading guilty and that he was, in fact, guilty of the offense. [Id. at 10; 15]. Petitioner also stated that he understood the maximum and minimum penalties that applied to his offense, that he understood how the Sentencing Guidelines might apply to his case, and that he understood that if the sentence imposed was more severe than he expected, he would "still be bound by [his] plea and have no right to withdraw the plea of guilty." [Id. at 11-14].

Petitioner's trial counsel, Derrick Bailey, also represented during the hearing that he had reviewed each of the terms of the Plea Agreement with Petitioner and was satisfied that Petitioner understood them. Finally,

3

Petitioner stated that he was "entirely satisfied" with his attorney. [Id. at 18]. While Petitioner initially responded that he had not reviewed the Sentencing Guidelines and how they might apply to his case with his counsel, he and his counsel later clarified during the hearing that they had, in fact, reviewed the Guidelines several times prior to the hearing. [Id. at 19-21].

Before sentencing, the probation officer submitted a Presentence Report (PSR), which report was subsequently revised. [Id., Docs. 214, 226, 245: PSR]. The PSR stated that Petitioner qualified as a career offender under Sentencing Guidelines § 4B1.1 based, in part, on his prior state court felony for the "crime of violence" of fleeing to elude arrest with a motor vehicle, for which Petitioner received a sentence of ten to twelve months' imprisonment.[1] [Id., Doc. 245 at 7, 12].

In response to the various drafts of the PSR, Petitioner filed objections, and the Government filed a response opposing Petitioner's

---

[1] A defendant is a career offender under § 4B1.1(a) when the following conditions are satisfied:

> the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner does not challenge his second predicate conviction.

4

objections and requesting that, in the event the sentencing court should sustain Petitioner's objections and not treat him as a career offender, the Court should consider departing upward on the grounds that Petitioner was a "de facto" career offender. [Id., Doc. 263 at 3-5: Gov't Sentencing Mem.]. Petitioner also sought before his sentencing hearing to have his trial counsel removed, but when Judge Howell conducted a hearing to adjudicate that motion, Petitioner withdrew his motion, stating that he wanted to keep Mr. Bailey as his trial counsel. [Id., Doc. 307 at 2-3: Hrg. Tr.].

This Court conducted Petitioner's sentencing hearing on May 21, 2010. At the commencement of the hearing, Petitioner confirmed that he wanted to plead guilty to the drug conspiracy offense and that his answers to Judge Howell's questions during the plea hearing were true and correct. [Id., Doc. 308 at 4-5: Sentencing Hrg. Tr.]. Petitioner's trial counsel confirmed that Petitioner understood the questions that were posed to him during that hearing and that he was pleading guilty knowingly and voluntarily. [Id.]. In response to this Court's questions, Petitioner affirmed that he had reviewed the PSR with his counsel and that he understood it, and Mr. Bailey affirmed likewise that he had reviewed the PSR with Petitioner and was satisfied that he understood its contents. [Id. at 7].

The Court then overruled Petitioner's objections, including those objections as to his classification as a career offender. Based on a total offense level of 34 and a criminal history category of VI, the Court calculated a pre-departure Sentencing Guidelines range of imprisonment of between 262 and 327 months. [Id. at 9; 21; 23]. The Court then granted the Government's motion for a downward departure under Sentencing Guidelines § 5K1.1, resulting in an advisory Sentencing Guidelines range of 210 to 262 months' imprisonment based on a final offense level of 32 and a criminal history category of VI. [Id. at 24-25]. After hearing from the parties concerning sentencing, the Court sentenced Petitioner to 210 months' imprisonment. [Id. at 32].

Petitioner appealed, arguing that this Court erred in finding that Petitioner was a career offender because the Government failed to file a notice of enhanced penalties under 21 U.S.C. § 851 and that trial counsel was ineffective for failing to challenge the career-offender enhancement on that basis. The Fourth Circuit affirmed this Court's judgment on April 11, 2011, dismissing Petitioner's appeal in part and affirming on the ineffective assistance of counsel claim, finding that counsel's ineffectiveness did not conclusively appear on the face of the record. See United States v. Hill, 422 F. App'x 297 (4th Cir. 2011).

Petitioner filed this present motion to vacate on July 11, 2011, and amendments thereto on August 9, 2011 and October 17, 2011. [Docs. 1, 3, 4]. In his motion to vacate, as amended, Petitioner contends that: (1) he should not have been designated and sentenced as a career offender in light of the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), because his underlying conviction for "fleeing to elude" was not punishable by more than one year in prison; (2) trial counsel rendered ineffective assistance of counsel by failing to object to the application of the career offender enhancement on the basis that the Government "changed the conditions of the already entered into plea agreement and relied on prior convictions to sentence [Petitioner] as a career offender without notice of such"; (3) Petitioner's advisory Guidelines range was miscalculated because it failed to account for Petitioner's participation in the BRIDGE program; and (4) the Government and the Court colluded to deceive Petitioner into pleading guilty on terms that were different from what he understood the terms to be when he entered his guilty plea.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Simmons Claim

In Simmons, the Fourth Circuit Court of Appeals in an *en banc* decision held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that individual defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In so ruling, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Simmons, 649 F.3d at 237. The Fourth Circuit subsequently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013). Under the Fourth Circuit's

decision in Simmons, then, a prior conviction only qualifies as a "felony" if the petitioner could have received a sentence of more than one year under North Carolina's Structured Sentencing Act. See Simmons, 649 F.3d at 247.

In his motion to vacate, Petitioner contends that his prior conviction of fleeing to elude is not a felony for purposes of his designation as a career offender because Petitioner could not have received a sentence of more than one year in prison for that conviction. The Government concedes that the prior conviction for fleeing to elude does not qualify as a predicate felony for purposes of the career-offender enhancement under Sentencing Guidelines § 4B1.1. The Government argues, however, that Petitioner is not entitled to Simmons relief because he explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement.

An appellate waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging

9

sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. Thus, Petitioner is not entitled to Simmons relief.[2]

### B. Petitioner's Remaining Claims

#### 1. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient

---

[2] The Government also contends that Petitioner's Simmons claim is procedurally barred because Petitioner failed to argue a Simmons claim at trial or on appeal and because Petitioner cannot show that he is actually innocent of the fleeing-to-elude offense for which he was convicted. The Government further contends that Petitioner has not argued or shown either cause-and-prejudice or actual innocence to overcome the procedural bar. Because the Court concludes that Petitioner's claim is barred by his appellate waiver, the Court need not reach these arguments.

performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To the extent that Petitioner argues that trial counsel provided constitutionally deficient representation by failing to argue that his prior fleeing-to-elude conviction was an inadequate predicate to support the enhancement of his sentence under 21 U.S.C. § 841(b)(1)(B), Petitioner's claim fails because Petitioner's case concluded well before Simmons was

decided. Specifically, Petitioner entered into his guilty plea in June 2009, more than two years before Simmons was decided, and Petitioner was sentenced in May 2010, over a year before Simmons was decided and just the month before the Supreme Court issued its decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), upon which Simmons was based. "[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996).

Likewise, to the extent that Petitioner purports to bring an ineffective assistance claim against appellate counsel, this claim also fails. Appellate counsel filed Petitioner's appellate brief on December 28, 2010, several weeks after the initial panel that ruled unanimously in the Government's favor heard oral argument in Simmons. At that time, it was not at all clear that Simmons would result in the overruling of the Fourth Circuit's decisions in Jones and Harp. Here, counsel may have failed to predict the change in the law that Simmons would affect, but this does not constitute constitutionally deficient representation. See id.

Petitioner further asserts that trial counsel provided constitutionally deficient representation by failing to object to the application of the career-offender enhancement on the basis that the Government "changed the conditions of the already entered into plea agreement and relied on prior

convictions to sentence [Petitioner] as a career offender without notice of such." [Doc. 1 at 14]. Petitioner also asserts that trial counsel failed to discuss either the career-offender enhancement or the Sentencing Guidelines with him.

In support of his claims, Petitioner submits a letter from trial counsel to Petitioner dated May 19, 2010. [Doc. 1-1]. Petitioner contends that counsel admits in this letter that he never discussed the Guidelines or the career offender enhancement with Petitioner.

Petitioner's claim fails, first, because the record in this case establishes that trial counsel did, in fact, discuss the Sentencing Guidelines with Petitioner, as Petitioner affirmed during his plea hearing and again during his sentencing hearing. The possible application of the career offender enhancement was explicitly addressed in Petitioner's Plea Agreement, which he represented to this Court that he had reviewed and understood. As for the May 19, 2010 letter from trial counsel, nowhere in that letter does trial counsel admit that he failed to discuss the Guidelines or the career offender enhancement with Petitioner. To the contrary, Mr. Bailey states in the letter that he met with Petitioner fifteen times and reviewed both the plea agreement and the PSR during several of those visits. [Id.].

13

Further, Petitioner's argument that counsel failed to challenge the Government's alleged breach of the Plea Agreement in seeking the career offender enhancement is without merit. The Plea Agreement explicitly provided that if Petitioner qualified as a career offender, the enhancement would apply. As such, there was simply no breach of the Plea Agreement for counsel to challenge.

Finally, Petitioner's argument that counsel failed to object to the application of the enhancement based on the Government's failure to provide advanced notice of Petitioner's qualifying convictions under 21 U.S.C. § 851 must be rejected. Section 851 applies when the Government intends to seek enhanced penalties under the Controlled Substances Act, 21 U.S.C. § 841, not the career offender guideline. Although Petitioner states in his motion to vacate that the Government was required by the terms of the Plea Agreement to file advance notice of his convictions, the Plea Agreement does not so provide.

In sum, Petitioner has shown neither deficient representation nor a reasonable probability his sentence would have been lower if trial counsel had objected to the career offender enhancement on the bases Petitioner suggests. This claim must be rejected.

    **2.    Sentencing Miscalculation Claim**

Petitioner next argues that his advisory guidelines range was miscalculated because it failed to account for his participation in the BRIDGE program. Petitioner, however, explicitly waived his right to challenge his sentence in a post-conviction proceeding in his Plea Agreement, and such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily, which Petitioner did. Thus, this claim is without merit.

3. **Claims Alleging Judicial and Prosecutorial Misconduct**

Finally, Petitioner asserts claims of judicial and prosecutorial misconduct, asserting that the Government and this Court colluded to deceive him into pleading guilty on terms different than he understood at the time he entered his guilty plea. The record belies Petitioner's argument. Judge Howell asked clear questions of Petitioner during his Rule 11 hearing, and Petitioner responded with clear answers. Although Petitioner complains that he should have received a reduction in his offense level based on his role in the offense, the Government did not agree to any such reduction in his plea agreement and, as set forth above, the Plea Agreement plainly contemplated the possibility that Petitioner was a career offender and would receive that enhancement. [Crim. No. 1:09-cr-00023-MR-DLH-6, Doc. 144 at 2-3].

## IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's motion to vacate, as amended, will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

# O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1], as amended [Docs. 3, 4], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to File Its Response One Day Out of Time [Doc. 27] is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 29, 2014

Martin Reidinger
United States District Judge